IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Melody Williams,                                Case No. 3:05CV7423

           Plaintiff

v.                                                     ORDER

DaimlerChrysler Corp., *et al.*,

           Defendant.

This is a sexual harassment and fair representation suit by an employee of the defendant DaimlerChrysler Corporation (D/C). Pending are motions by the plaintiff for entry of default against defendant U.A.W. Local 12 and a preliminary injunction against D/C. Both motions shall be denied.

**Background**

Plaintiff has received a favorable finding of probable cause from the EEOC with regard to her claims of sexual harassment. She showed her EEOC letter to co-workers, claiming that she won her case. Eight days later she received a thirty-day suspension for poor workmanship (failure properly to secure a rear seat bolt).

According to plaintiff, her work records were manipulated and she was wrongly found to have failed to secure the bolt in retaliation for her claims of sexual harassment. D/C, in response, has submitted an affidavit which states plaintiff admitted she had not secured the seat bolt.

Plaintiff filed her motion for injunctive relief to be returned to work without having to serve the suspension. As of the date of this opinion, the thirty-day period has passed, and plaintiff seeks an order from this court that no further discipline be imposed absent approval by this court.

With regard to her motion for default against the union, plaintiff asserts she properly served the defendant, but it has not answered or otherwise plead. In response to the motion, the union's attorney states that she did not receive a copy of the summons and complaint due to excusable neglect on the part of the union – caused, in part, by ambiguous nomenclature in the papers. The union seeks leave to answer or otherwise plead by February 15, 2006.

### Discussion

The union has shown excusable neglect. Plaintiff has not been prejudiced. There is no reason to deprive the union of its right to respond to the complaint on its merits.

I likewise decline to grant injunctive relief. The demand to have plaintiff returned to work without serving her suspension is moot. There is no cause to grant her request to interpose myself between D/C and one of its employees.

Plaintiff has not shown a substantial likelihood that she would prevail on her claim that her suspension was retaliatory. There is a clear conflict in the material allegations as to that contention. Plaintiff, moreover, can be made whole, if she prevails, through monetary damages for her lost wages and retroactive correction of her disciplinary record. If plaintiff is disciplined, and if she believes that such discipline was in retaliation for her claim of sexual harassment, she may then seek protection and redress.

I decline, in any event, the invitation to act as an ad hoc supervisor/grievance board. Although plaintiff claims that her thirty-day suspension was retaliatory, she has not contended that earlier disciplinary actions were based on anything other than just cause. Plaintiff has not shown that the risk of unfounded discipline is so great that extraordinary intervention is justified. Thus, at this

time, introduction of federal oversight into any already elaborate disciplinary mechanism would be based on presently unfounded speculation about future events.

## Conclusion

In light of the foregoing, it is

ORDERED THAT:

1. Plaintiff's motion for default against the defendant union be, and the same hereby is denied; leave granted to said defendant to answer or otherwise plead by February 15, 2006; and

2. Plaintiff's motion for injunctive relief be, and the same hereby is denied, without prejudice.

So ordered.

> s/James G. Carr
> James G. Carr
> Chief Judge